## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| April Stader, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:19-cv-759 |
| ) | |
| I.C. System, Inc., a Minnesota ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, April Stader, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, April Stader ("Stader"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to ATT/Directv.

4. Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts.  IC System operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana.  In fact, Defendant IC System was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant IC System is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant IC System conducts extensive business in Indiana.

6. Defendant IC System is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant IC System acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to ATT/Directv.  Defendant IC System attempted to collect this debt from her via a negative credit report.  Not knowing who Defendant IC System was, and unsure of the amount of the debt, Ms. Stader consulted with counsel about her debt issues and the debt that IC System was trying to collect.

8. Accordingly, Ms. Stader's attorney wrote to Defendant IC System, via a letter dated September 25, 2018, to dispute the debt IC System was trying to collect.  A copy of this letter is attached as Exhibit C.

9. On January 25, 2019, Ms. Stader obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant IC System had continued to report the debt, but had failed to note that the debt was disputed.  The pertinent part of

the TransUnion credit report is attached as Exhibit D.

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed makes it appear as if Plaintiff does not actually have the right to dispute the debt.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known, or which should be known, to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246 (5th Cir. 2017); and Brady v. Credit

Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading statements, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to note that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, April Stader, prays that this Court:

    1.      Find that Defendant's collection practices violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Stader, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, April Stader, demands trial by jury.

                                  April Stader,

                                  By: /s/ David J. Philipps___
                                  One of Plaintiff's Attorneys

Dated: February 20, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
Sawin, Shea & Steinkamp, LLC
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 255-2600
(317) 255-2905 (FAX)
john@sawinlaw.com